[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10694

Non-Argument Calendar

_____

MARLON MIGUEL BROWN,

Plaintiff-Appellant,

*versus*

DR. EFFIE GREER,
JAY SEIDER,
Sued in their individual Capacities,
PALM BEACH SCHOOL DISTRICT,
FLORIDA HIGH SCHOOL ATHLETIC ASSOCIATION,
Sued in their Individual And Official Capacities,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 9:20-cv-82179-KAM

————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

Marlon Brown, a prisoner proceeding *pro se*, appeals the district court's dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of his 42 U.S.C. § 1983 complaint against Dr. Effie Greer, Jay Seider, Palm Beach School District, and the Florida High School Athletic Association (FHSAA) and the denial of his two motions—a motion to alter and amend the judgment and a motion to object to the district court's ruling. Brown argues that the facts as pled in his complaint rise to a "conscience shocking" level and therefore adequately state a claim upon which relief may be granted. After review, we affirm the district court's ruling.

## I.    Background

In his complaint, Brown alleged injury to his "human dignity" and "bodily integrity" in violation of the Due Process Clause of the Fourteenth Amendment while he was a student and minor child at Glades Central High School under the custody and care of the defendants. He claimed that he was diagnosed with post-concussion syndrome in June 2020, allegedly stemming from his years playing football in high school where his coach forced him

to consistently absorb violent and sudden contact from other players.   He claimed that he often experienced helmet-to-helmet collisions in games and practices, which caused him "numerous sub-concussive head traumas, mild traumatic brain injuries, and concussions."   Specifically, Brown alleged that at four different games between September and November 1989, Brown's head was hit so hard that he experienced concussive symptoms such as ringing in his ears, disorientation, temporary loss of hearing, unconsciousness, and confusion.   Brown claims his injuries were not evaluated by team trainers or assistant coaches and he was instead given smelling salts and told to return to the games to continue to play and make aggressive contact with opposing players.   Brown sued his former high school football coach Jay Seider, and his former high school principal, Effie Greer, under 42 U.S.C. § 1983, alleging that they violated his purported substantive due process right of human dignity and bodily integrity by forcing him to perform in athletic competitions which involved potentially dangerous collisions and for failing to remove him from play after he sustained head trauma and displayed concussion symptoms.[1] He also alleged that they violated the Due Process Clause of the Fourteenth Amendment under a state-created danger/special relationship theory.   Brown alleged that Defendants FHSAA and the Palm Beach School District, acting through their agents'

---

[1] Brown also sued Seider and Greer for violations of the Florida constitution for injury to bodily integrity but did not appeal the district court's dismissal of this claim without prejudice.

employees, were responsible for the actions of the football coach and principal through the doctrine of respondeat superior.

Because Brown is a prisoner, the district court had to screen his complaint under 28 U.S.C. § 1915. And, upon this review, the court dismissed under § 1915(e)(2)(B)(ii), which provides that "the court shall dismiss the case at any time if the court determines that" the appeal "fails to state a claim on which relief may be granted." Brown then filed a motion to alter or amend the judgment, and submitted objections to the district court, which were then denied and overruled, respectively. The district court entered a final judgment. This appeal followed.[2]

## II.    Discussion

Brown argues that the allegations in the complaint are sufficient to survive dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and therefore his case for damages for violations of his Fourteenth Amendment rights should have been permitted to proceed *in forma pauperis*.

We review *de novo* a district court's dismissal of a complaint for failure to state a viable claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We take the allegations in the complaint as true. *Id.* We liberally construe

---

[2] In his brief to this Court, Brown argued that the district court erred in dismissing his claims for violations of his Eighth Amendment rights. Brown did not assert an Eighth Amendment argument in the district court, and therefore we will not consider that argument on appeal. *See Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1272 (11th Cir. 2019).

21-10694              Opinion of the Court                    5

*pro se* pleadings and hold them to less stringent standards than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court shall *sua sponte* dismiss a prisoner's complaint filed *in forma pauperis* if it determines that the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The standard for dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted is the same as the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).  A complaint "does not need detailed factual allegations" to properly state a claim, but a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements" of the claim to avoid dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint fails to state a viable claim when it does not include enough facts, taken as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

In order to state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting a plausible finding that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  To impose liability on a school district, a plaintiff "must identify a municipal policy or custom that caused a deprivation of federal rights." *Davis v. DeKalb Cnty. Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000) (quotations omitted).  A school

district cannot be held liable under the doctrine of respondeat superior. *Id.*

The Fourteenth Amendment prohibits state and local governments from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, as enforced under § 1983, the amendment does not act as a vehicle to convert state tort claims into federal causes of action. *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). The Fourteenth Amendment limits the state's power to act, but generally does not guarantee minimal levels of safety and security. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). A state official has a duty to protect an individual only when the individual in question is in the state's custody. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1329 (11th Cir. 2020). When an individual is not in custody, "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Waddell*, 329 F.3d at 1305.

School children are not in a custodial relationship with the state. *Hernandez*, 982 F.3d at 1329. To succeed on a substantive due process claim based on a theory that school officials engaged in deliberately indifferent conscience shocking behavior, students must "allege both that the officials acted with deliberate indifference and that the indifference was arbitrary or conscience shocking." *Id.* at 1330 (quotations omitted). "To act with deliberate indifference, a state actor must know of and disregard an

excessive—that is, an extremely great—risk to the victim's health or safety." *Waddell*, 329 F.3d at 1306. We have held that deliberate indifference to student safety by school officials, without more, is not conscience shocking behavior. *See Davis v. Carter*, 555 F.3d 979, 980, 984 (11th Cir. 2009) (holding that allegations that football coaches subjected a high school student to intense and unreasonable practices with deliberate indifference to his safety did not state a viable Fourteenth Amendment claim). We have also expressed doubt that deliberate indifference can ever be arbitrary or conscience shocking in non-custodial settings. *Hernandez*, 982 F.3d at 1330. In the public-school setting, substantive due process claims have been allowed to proceed only in cases of "intentional, obviously excessive corporal punishment." *Id.* at 1331.

Here, because Brown was in high school, he was not in the custody of the state. *See Hernandez*, 982 F.3d at 1329. Therefore, Brown would have to allege that Greer and Seider acted with a deliberate and conscious-shocking disregard of an extreme risk to Brown's safety.[3] The factual claims made in his complaint do not meet this high standard of "intentional, obviously excessive corporal punishment." *Id.* at 1331. Brown's claim of deliberate indifference to his safety in a non-custodial school setting, without more, does not state a valid substantive due process claim.

---

[3] Brown did not identify a municipal policy or custom that could serve as the basis for a viable § 1983 claim against the entity defendants. *See Davis*, 233 F.3d at 1375.

The district court did not err in dismissing Brown's complaint because he failed to allege that Greer's or Seider's actions were either arbitrary or conscience shocking. Brown alleged only that Seider and Greer were deliberately indifferent to his health and safety, not that either of them intentionally physically harmed him. Accordingly, Brown's complaint failed to state a viable claim under § 1983 against any of the defendants.

**AFFIRMED.**